JONATHAN J. DELSHAD, Bar No. 246176
DANIEL KOHANBASH, Bar No. 358553
LAW OFFICES OF JONATHAN J. DELSHAD, PC.
1663 Sawtelle Blvd., Suite 220
Los Angeles, CA 90025
Telephone: 424.255.8376
Fax: 424.256.7899
jdelshad@delshadlegal.com
dk@delshadlegal.com

Attorneys for Plaintiffs
HUGO SIPAQUE and JOHNNY JOHNSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUGO SIPAQUE, an individual individually and on behalf of all others similarly situated; JOHNNY JOHNSON, an individual, individually and behalf of all others similarly situated.<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY<br><br>Defendant. | Case No. 2:25-cv-07001-JLS-AJR<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATIONS OF AND/OR THE RECOVERY OF:**<br><br>1. VIOLATION OF FLSA – MINIMUM WAGE<br>2. VIOLATION OF FLSA – OVERTIME COMPENSATION<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is an action seeking payment of wages, including but not limited to unpaid minimum and overtime wages, which are due to Hugo Sipaque and Johnny Johnson's (hereinafter "Plaintiffs") and other similarly situated workers under federal law.

2. At all times relevant to this litigation, Plaintiffs and those similarly situated have worked or still work for Defendant Los Angeles Metropolitan Transportation Authority (hereinafter "Defendant") as Bus/Train Operators and Line Instructors.

3. Defendant has failed to pay compensation owed to the Plaintiffs and those similarly situated, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

4. Defendant has failed to pay the federal minimum wage owed to the Plaintiffs and those similarly situated under the FLSA, in violation of 29 U.S.C. § 206(a)(1)(C).

5. Defendant has failed to pay overtime compensation owed to Plaintiffs and those similarly situated for hours worked in excess of 40 per workweek, in violation of 29 U.S.C. § 207.

6. The putative Class is comprised of all persons who are or were employed by Defendant as Bus Operators and Line Instructors at any time within the past three years prior to the filing date of this action.

## VENUE AND JURISDICTION

7. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in the United States District Court for the Central District of California pursuant to 28 USCS § 1391, as the defendant resides in this judicial district and a substantial part of the events giving rise to the claims occurred in this district.

9. Additionally, 28 USCS § 84 establishes that Los Angeles County is within the



LAW OFFICES OF Jonathan J. Delshad EMPLOYMENT LAWYERS

Western Division of the Central District of California.

## **PARTIES**

10. Plaintiff HUGO SIPAQUE was employed by Defendant as a Bus Operator from November 4, 2012 until September 14, 2024, and served as a Line Instructor from August 11, 2023 until September 14, 2024. He sues on his own behalf, and as class representative on behalf of similarly situated Operators who are or were employed by Defendant within the applicable statute of limitations period.

11. Plaintiff JOHNNY JOHNSON has been employed by Defendant as a Bus Operator since September 16, 2012 until the present date, and served as a Line Instructor from April 2, 2023 until or around February 1, 2024. He sues on his own behalf, and as class representative on behalf of similarly situated Operators who are or were employed by Defendant within the applicable statute of limitations period.

12. Defendant is a public agency that operates a public transportation system in Los Angeles, California. It is a public entity formed by the County of Los Angeles, California.

13. Defendant is subject to the FLSA pursuant to *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528 (1985).

14. Plaintiffs are ignorant of the true names and capacities of any other defendants and will amend this Complaint to allege their true names and capacities when the same are ascertained.

15. Plaintiffs are informed and believes and thereon alleges that at all times herein mentioned each of the defendants was acting as the partner, agent, servant, and employee of each of the remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining Defendants.

## **FACTUAL ALLEGATIONS**

16. Throughout the putative class period, Defendant promoted selected Operators in each division to the position of "Line Instructor," not to exceed fifteen individuals



LAW OFFICES OF Jonathan J. Delshad EMPLOYMENT LAWYERS

LAW OFFICES OF Jonathan J. Delshad EMPLOYMENT LAWYERS

per division.

17. There are 11 divisions in Metro, thus bringing the total line instructors at any one point in time to 165 people.

18. Once Operators selected as candidates for this program successfully completed all required training and met the qualifications, conditions, and expectations of a "Line Instructor," said Operators would be paid an additional $3.00 per hour according to the Metro/SMART Collective Bargaining Agreement ("CBA"), Art. 19, Section 1.

19. As part of the added responsibilities of working as a "Line Instructor," Operators were ***required*** by Defendant to "arrive at least 15 to 30 minutes before their schedule sign-on" according to the Line Instructors Memorandum of Understanding, p. 4.

20. Plaintiffs, as well as other Operators serving as Line Instructors, signed on to work 15-30 minutes early for the duration of their employment with Defendant as a Line Instructor as required by their added responsibilities.

21. In violation of the terms of the FLSA, Defendant has at all material times failed and refused to pay Operators, such as Plaintiffs, for all compensable time, including, but not limited to, the early sign-on time which Line Instructors were required to attend.

22. Defendant did not compensate Line Instructors for this required early sign-on time.

23. Defendant knowingly required and expected that Line Instructors show up for work between 15 and 30 minutes before their scheduled sign-on time, as this requirement was formalized in the Line Instructors Memorandum of Understanding.

24. Line Instructors who did not show up before their scheduled sign on time would be subject to discipline or demotion.

25. Defendant's failure to compensate Line Instructors for this early sign-on resulted in Line Instructors not being paid for all hours worked, including potential

overtime hours if the additional time caused them to work more than 40 hours in a workweek or 8 hours in a workday.

26. Defendant's practices and policies regarding the non-payment for pre-shift work were uniformly applied to all Line Instructors.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

28. Plaintiffs bring this action individually and on behalf of all other individuals similarly situated pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals were employed by Defendant within the meaning of the FLSA, as Operators and Line Instructors. The proposed collective is defined as follows:

> All current and former employees of Defendant who worked as Line Instructors at any time during the period beginning three years prior to the filing of this complaint and ending on the date that final judgment is entered in this matter. ("Collective")

29. The named Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b), and their consent is given in conjunction with the Verifications below.

30. As this case proceeds, it is expected that additional individuals will file consent forms and join as opt-in plaintiffs.

31. Defendant's failure to pay Plaintiffs and the Collective members the minimum wage and overtime premiums results from generally applicable policies and practices of Defendant and does not depend on the personal circumstances of individual Plaintiffs or Collective members.

32. Plaintiffs estimate the size of the Collective to be at least 150 people. The precise size of the Collective can be ascertained from records of the Defendant.

33. Defendant failed to pay the Plaintiffs and the Collective the minimum wage



LAW OFFICES OF Jonathan J. Delshad EMPLOYMENT LAWYERS

LAW OFFICES OF Jonathan J. Delshad EMPLOYMENT LAWYERS

and overtime premiums.

34. Defendants' conduct was widespread, repetitious, and consistent.

35. Defendants' conduct was willful and in bad faith.

**CLAIMS FOR RELIEF**

**COUNT I**

**Violation of the FLSA - Failure to Pay Minimum Wages**

36. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

37. To date, Defendant has not paid the Plaintiffs and those similarly situated the FLSA minimum wage within the period between August 1, 2022, and the present.

38. During workweeks within the period between August 1, 2022, and the present, Defendant paid Plaintiffs and those similarly situated less than the minimum hourly wage of $7.25 per hour required under 29 U.S.C. § 206(a)(1) because Defendant failed to compensate Line Instructors the minimum hourly wage for the 15-30 minutes of required reporting time pursuant to its Line Instructor Memorandum.

39. Defendant acted willfully or with reckless disregard as to its obligation to pay workers a minimum hourly wage, and, accordingly, the violation was willful for purposes of the Fair Labor Standards Act, 29 U.S.C. §§ 255(a) and 260.

40. As a result of Defendant’s unlawful conduct, Plaintiffs have incurred loss of wages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

**COUNT II**

**Violation of the FLSA – Failure to Pay Overtime Wages**

41. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

42. Defendant is a public transportation agency engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

43. Defendant suffered or permitted the Plaintiffs and all those similarly situated to work for them within the meaning of 29 U.S.C. § 203(g).

44. Defendant is the Plaintiffs' employers, i.e., a single employer or joint employers, under the FLSA, as defined by 29 U.S.C. § 203(d).

45. Defendant was required under the FLSA, 29 U.S.C. § 207(a), to pay Plaintiffs and those similarly situated at a rate not less than one and one-half times the Plaintiffs' regular wage rates for all hours the Plaintiffs worked in excess of 40 in a workweek.

46. Between August 1, 2022 and the present, Plaintiffs at times worked over 40 hours a week.

47. To date, Defendant has not paid Plaintiffs and those similarly situated one and one-half times their regular rates for all hours worked by Plaintiffs in excess of 40 per week for weeks during the period between August 1, 2022 and the present, in violation of the FLSA, 29 U.S.C. § 207(a).

48. At times relevant to this litigation, Defendant acted willfully or with reckless disregard as to their obligation to pay one and one-half times the Plaintiffs' regular rate of pay for hours worked in excess of 40 per week, and, accordingly, the violation was willful for purposes of the FLSA, 29 U.S.C. §§ 255(a) and 260.

49. As a result of Defendant's unlawful conduct, the Plaintiffs have incurred a loss of overtime compensation in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

## JURY DEMAND

50. Plaintiffs request a trial by jury on their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the proposed class, pray for judgment against Defendant as follows:

a. Award all Plaintiffs actual damages, liquidated damages, and prejudgment interest as a result of the wrongful conduct complained of herein.

LAW OFFICES OF Jonathan J. Delshad EMPLOYMENT LAWYERS

b. Award all Plaintiffs their costs and expenses in this litigation, including reasonable attorney's and expert fees;

c. Enter declaratory and injunctive relief prohibiting Defendants and each of them from failing to pay overtime, minimum wages, agreed-to wage rates, and all other wages due and owing;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e. An award of restitution for all monies unlawfully withheld from Plaintiffs and class members;

f. General and special damages according to proof on the individual claims in the amount of $26,000,000.00; and

g. Provide such other and further relief as the Court deems just and proper.

Dated: January 29, 2025

Respectfully submitted,

LAW OFFICES OF JONATHAN J. DELSHAD

By: ______________________

Jonathan J. Delshad, Esq.
Daniel Kohanbash, Esq.
Attorneys for Plaintiffs
HUGO SIPAQUE and
JOHNNY JOHNSON

LAW OFFICES OF Jonathan J. Delshad EMPLOYMENT LAWYERS

**VERIFICATION AND CONSENT TO JOIN**

I, HUGO SIPAQUE, declare as follows:

1. I am a Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof.
2. The matters stated in the Complaint are true of my own personal knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.
3. If called as a witness, I could and would competently testify to the matters stated herein based on my personal knowledge, except as to those stated on information and belief.
4. I was previously employed by Defendant, and served as a Line Instructor from around April 2022 to August 2024.
5. During the period of employment stated above, there were occasions when I:
    a. Was not paid for all the hours that I worked; and/or
    b. Worked more than 40 hours per workweek and was not paid at the rate of one and one half times my regular rate of pay for such hours; and/or
    c. Was paid less than the hourly federal and/or state minimum wage.
6. I hereby consent to join the FLSA collective action titled *Sipaque, et. al. v. Los Angeles County Metropolitan Transportation Authority* to recover my unpaid wages, overtime, and all other damages as allowed by FLSA.
7. My address and contact information can be ascertained from my attorney of record.
8. I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

*/s/ Hugo Sipaque*

Hugo Sipaque, Plaintiff

This verification was executed on January 29, 2026 in Los Angeles, California.

LAW OFFICES OF Jonathan J. Delshad EMPLOYMENT LAWYERS

## VERIFICATION AND CONSENT TO JOIN

I, JOHNNY JOHNSON, declare as follows:

1. I am a Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof.
2. The matters stated in the Complaint are true of my own personal knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.
3. If called as a witness, I could and would competently testify to the matters stated herein based on my personal knowledge, except as to those stated on information and belief.
4. I am currently employed by Defendant, and previously served as a Line Instructor from around March of 2023 to January 2025.
5. During the period of employment stated above, there were occasions when I:
   a. Was not paid for all the hours that I worked; and/or
   b. Worked more than 40 hours per workweek and was not paid at the rate of one and one half times my regular rate of pay for such hours; and/or
   c. Was paid less than the hourly federal and/or state minimum wage.
6. I hereby consent to join the FLSA collective action titled *Sipaque, et. al. v. Los Angeles County Metropolitan Transportation Authority* to recover my unpaid wages, overtime, and all other damages as allowed by FLSA.
7. My address and contact information can be ascertained from my attorney of record.
8. I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

*/s/ Johnny Johnson*

Johnny Johnson, Plaintiff

This verification was executed on January 29, 2026 in Los Angeles, California.